IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | | |
|---|---|---|
| YAOMIN ZHOU, | ) | Case No. 2:21-cv-2091 |
| Room 901, No. 8, Lane 1128 | ) | |
| Xuchang Road, Yang Pu District | ) | |
| Shanghai, China | ) | Judge: |
|     Plaintiff | ) | |
| | ) | |
| v. | ) | COMPLAINT FOR BREACH OF |
| | ) | CONTRACT, BREACH OF FIDUCIARY |
| | ) | DUTY, AND NEGLIGENCE |
| NEVES GROUP PROPERTY | ) | |
| MANAGEMENT, INC. | ) | |
| 801 W. Bradley Avenue | ) | |
| Champaign, IL 61820 | ) | |
|     Defendant | ) | |
| | ) | |

For his Complaint against Defendant Neves Group Property Management, Inc. ("Neves Group"), Plaintiff Yaomin Zhou ("Zhou") states as follows:

**PARTIES**

1. Plaintiff Yaomin Zhou is a citizen and national of the People's Republic of China. Defendant Neves Group is a for-profit corporation, which was organized on July 18, 2006, under the laws of the state of Illinois.

2. The principal place of business of Neves Group is 801 W. Bradley Avenue, Champaign IL 61820.

**JURISDICTION AND VENUE**

3. This court has subject matter jurisdiction under 28 U.S.C § 1332(a)(2) because the action is between citizens of a State and a foreign state, and because the amount in controversy exceeds $75,000.

4. This court has personal jurisdiction over Defendant because Neves Group is a corporation organized under the laws of Illinois.

5. This court has personal jurisdiction over Defendant because Neves Group maintains its principal place of business and regularly conducts its business in the Central District of Illinois.

6. This court has personal jurisdiction over Defendant because the conduct, activities, and events that gave rise to Plaintiff's claims occurred, in whole or in part, in the Central District of Illinois.

7. Venue is proper under 28 U.S.C §§ 1391(b)(1) and (b)(2) because some or all of the conduct, activities, and events that give rise to Plaintiff's claim occurred, in whole or in part, in the Central District of Illinois, or because Defendant has its principal place of business in this District.

**FACTS COMMON TO ALL COUNTS**

8. Plaintiff Zhou had owned a property located at 607 N. 4th Street, Champaign IL, 61820 (the "N. 4th Street Property")

9. On December 10, 2015, Plaintiff Zhou entered into a Property Management Contract with Defendant Neves Group. The Contract was for a term beginning on January 1, 2016, and ending on December 31, 2016, and was automatically renewable each year. *Exhibit 1- Property Management Contract, ¶1.*

10. Per the Property Management Contract, Neves Group accepted employment from Zhou and agreed "[t]o use diligence in the management of the premises and to provide the services of their organization for the renting, leasing, operating and managing of the premises." *Exhibit 1, ¶4 a)*.

11. Neves Group further agreed "[t]o render monthly operating statements of receipts, expenses, and charges and to remit to [Zhou] receipts less disbursements monthly before the 15th of each month." *Exhibit 1, ¶4 b)*.

12. Through the course of dealing, Plaintiff Zhou, through his representative Changfa Wu, and Defendant Neves Group agreed that Neves Group would handle the payment of Illinois state property taxes on the N. 4th Street Property. *Exhibit 2- May 2016 email re Tax bill*; *Exhibit 3- August 2016 Email re pay tax from rent*.

13. Neves Group would pay these property taxes in Zhou's name by first collecting rent from tenants, and then using that rent to pay the taxes. Neves Group would then remit the surplus of the rental income back to Zhou.

14. For example, on September 1, 2016, Zhou owed $1586.68 in state property taxes. Wu instructed Neves to just pay the tax on Zhou's behalf by collecting rent payments from tenants and applying it directly to the tax payment. Neves Group agreed to do so. *Exhibit 3*.

15. In another instance, on January 3, 2018 Wu informed Neves that he noticed that certain property taxes had not been paid, and to send him a check of money to Zhou, minus any amount that should go to property taxes. Neves responded by saying "I will get this taken care of tomorrow." *Exhibit 4- January 3, 2018 e-mail correspondence between Wu and Neves Group.*

16. Further, upon information and belief, Zhou, through his agent Wu, had telephone conversations with Neves Group whereby Neves agreed to pay the property taxes on Zho's behalf by taking the money directly from collected rental income.

17. Upon information and belief, Neves Group had reached similar agreements with other clients for whom they managed properties for.

18. Despite these agreements, Zhou ultimately became delinquent on state property taxes for the years 2016 and 2019. *Exhibit 5- Tax Assessment for the N. 4th Street Property*.

19. Neves Group did not inform Zhou of these delinquencies, nor did they seek to rectify the delinquencies themselves.

20. On October 10, 2017, a third-party JICTB, Inc. ("JICTB") purchased the delinquent 2016 property taxes at a tax sale. *Exhibit 5- Tax lien.*

21. On May 14, 2020, JICTB subsequently purchased the delinquent 2019 property taxes at a tax sale. *Exhibit 6*.

22. Because of Neves Group's failure to notify Zhou of delinquency and/or follow Mr. Zhou's instruction to pay the tax from rents collected, Zhou was not able to timely pay and/or redeem the delinquent taxes.

23. As a result of the failure to redeem, JICTB obtained a tax deed and Order for Possession on the N. 4th Street Property. *Exhibit 5*.

24. JICTB recorded the deed on November 30, 2020 and became the owners of the N. 4th Street Property. *Exhibit 6- JICTB'S Tax Deed*.

## COUNT I

### BREACH OF CONTRACT

25. Plaintiff incorporates each and every allegation of the preceding paragraphs of this Complaint as though fully set forth herein.

26. A valid Property Management Contract existed between Zhou and Neves Group.

27. Subsequent e-mail exchanges between the parties further specified that Defendant would pay the property taxes on Zhou's behalf by paying them directly from the N. 4th Street Property's rental income.

28. Plaintiff compensated Defendant's service and performed his duties under the contract.

29. Defendant Neves breached the contract by failing to exercise due diligence in the management of the N. 4th Street Property when it failed to timely pay property taxes in the years 2016 and 2019 and failed to notify Plaintiff of tax delinquencies.

30. Defendant Neves Group breached the contract of the parties when it failed to timely pay all property taxes out of the property's rental income.

31. These breaches were material. Neves Group's failure to manage the property per contract directly and proximately caused Plaintiff to lose legal title and ownership.

32. As a result of Defendant Neves Group's breaches, Plaintiff has been damaged in an amount of no less than $150,000. Further, Plaintiff is entitled to all consequential and incidental damages as a result of Defendant Neves Group's breaches. The exact amount will be proven at trial.

## COUNT II
### BREACH OF FIDUCIARY DUTY

33. Plaintiff incorporates each and every allegation of the preceding paragraphs of this Complaint as though fully set forth herein.

34. By virtue of Plaintiff Zhou hiring Defendant Neves Group to manage the N. 4th Street Property, an agency relationship existed between the two, with Plaintiff acting as the principal, and Defendant his agent.

35. Defendant owed a fiduciary duty to Plaintiff Zhou.

36. As an agent of Plaintiff Zhou, Defendant owed to Zho a fiduciary duty of loyalty, fidelity, rectitude, candor, care, and good-faith, and to generally act in the best interests of Zhou.

37. Defendant breached duty of care and/or loyalty by repeatedly failing to pay the 2016 and 2019 property taxes, failing to redeem, and failing to notify Zhou of such non-payment, delinquency, or Defendant's nonaction.

38. As a result of Defendant's breach, Plaintiff lost the ownership and income of the investment property at N. 4th Street Property.

39. As a result of Defendant's breaches, Plaintiff has been damaged in an amount of no less than $150,000. Further, Plaintiff is entitled to all consequential and incidental damages as a result of Defendant's breaches. The exact amount will be proven at trial.

## COUNT III

### NEGLIGENCE

40. Plaintiff incorporates each and every allegation of the preceding paragraphs of this Complaint as though fully set forth herein.

41. Defendant owned a <u>duty</u> to Plaintiff to properly manage the N. 4th Street Property such as collecting rents, paying all expenses, and ensuring that taxes were paid.

42. Defendant breached the duty of due care to Plaintiff when it ignored property taxes, ignored repeated notifications from the government, ignored redemption, neglected to notify Plaintiff and pay the property taxes when they were due in 2016 and 2019.

43. Defendant's negligence in managing the property, paying off the property taxes, as well as failing to notify Plaintiff Zhou as such, directly and proximately caused damage to Plaintiff.

44. Plaintiff Zhou suffered pecuniary harm as a result of Defendant's negligence. His proprietary interest in the N. 4th Street Property was unjustifiably terminated due to Defendant's negligence.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment against Defendant Neves Group as follows:

a) For Count I, II, and III, compensatory damages in an amount no less than $150,000, plus interest;

b) For all consequential and incidental damages in an amount no less than $100,000, plus interest;

c) For reasonable attorney fees, litigation costs, and expenses incurred;

d) For pre and post-judgment interest; and

e) For all other relief available in law and equity.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all claims for which adjudication is appropriate.

Respectfully submitted,

/s/ Lei Jiang
Lei Jiang, Esq. 6320114
Lei Jiang LLC
26943 Westwood Road
Westlake, Ohio 44145
Telephone: (440) 835-2271
Fax: (440) 835-2817
Email: ljiang@leijianglaw.com
*Attorney for Plaintiff*