E-FILED
Tuesday, 19 October, 2021  08:16:12 PM
Clerk, U.S. District Court, ILCD

082911.788                              MJE/QPD                              #6319127

**IN THE UNITED STATES DISTRICT CIRCUIT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

| | | |
|---|---|---|
| YAOMIN ZHOU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.  21-cv-2091 |
| | ) | |
| NEVES GROUP PROPERTY MANAGEMENT, | ) | |
| INC. | ) | |
| | ) | |
| Defendant. | ) | |

**MOTION TO STAY DISCOVERY**
**PENDING RULING ON MOTION TO DISMISS**

Defendant, NEVES GROUP PROPERTY MANAGEMENT, INC. ("Neves"), by its attorneys, Matthew J. Egan and Quinn P. Donnelly of PRETZEL & STOUFFER, CHARTERED, move this Court for an Order staying discovery pending resolution of this Neves' pending Motion to Dismiss (Doc. 19).  In support thereof, Neves states as follows:

**INTRODUCTION**

Good cause exists to enter an Order staying discovery pending a ruling on the Motion to Dismiss. (Doc. 19). In harmony with the pertinent law and public policy, this Court should stay discovery until this Court has ruled on Neves' Motion to Dismiss.

Consistent with Seventh Circuit precedent, a discovery stay is appropriate here because this Court's ruling on the pending Motion to Dismiss will control the scope, expense, and complexity of discovery for the parties while a well-grounded dispositive motion is pending. Among other arguments, these Defendants' Motion to Dismiss raises a threshold deficiency that

it is barred by the express language of the parties' contract (Doc. 19). Finally, the pending Motion to Dismiss – if granted – would dispose of all claims against Neves.

Under these circumstances, allowing discovery to proceed would be inefficient and impracticable. Neves should not be exposed to expensive, and time-consuming discovery attendant to the defense of plaintiff's claims that should not survive the pending Motion to Dismiss.

### APPLICABLE LAW

Fed. R. Civ. P. 26(b)(2)(C)(iii) allows courts to limit the extent of discovery when "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Upon motion, the Court may even bar discovery altogether to protect a party from annoyance, embarrassment, oppression, or undue burden or expense. *Crawford-El v. Britton*, 523 U.S. 574, 599 (1998).

Discovery stays are granted with some frequency. *DSM Desotech, Inc. v. 3D Systems Corp.*, 2008 U.S. Dist. LEXIS 87473, *4-5 (N.D. Ill. 2008) (Lefkow, J.). A court may stay discovery for a number of reasons, including the filing of a motion to dismiss. *Crawford-El*, 523 U.S. at 598. Stays are particularly appropriate when the pending motion to dismiss can resolve a threshold issue such as standing, or, where, as here, dispose of a party altogether. *DSM Desotech*, 2008 U.S. Dist. LEXIS at *5; *Coss v. Playtex Prods.*, 2009 U.S. Dist. LEXIS 42933, *3 (N.D. Ill. 2009) (Mahoney, J.).

## **ARGUMENT**

This Court's ruling on the Motion to Dismiss will impact the scope of written and oral discovery (including what witnesses will be deposed and on what issues), this Court should stay all discovery until the Motion to Dismiss is granted or denied.

"[A] defendant should not be burdened with the heavy costs of pretrial discovery that are likely to be incurred in a complex case unless the complaint indicates that the plaintiff's case is a substantial one." *Beck v. Dobrowski*, 559 F.3d 680, 682 (7th Cir. 2009), citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). Federal courts – including the Seventh Circuit – discourage a plaintiff from extorting "a settlement by reason of the defendant's having to incur heavy litigation expenses if the suit proceeds beyond the pleading stage even if it is a groundless suit." *Beck*, 559 F.3d at 682. Stated differently, a litigant must not be permitted to use "a largely groundless claim simply to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value, rather than a reasonably founded hope that the discovery process will reveal relevant evidence." *Id.*, quoting *Blue Chip Stamps v. Manor Drug Stores*, 521 U.S. 723, 741 (1975).

Discovery can quickly become enormously expensive and burdensome to defendants. A stay is appropriate in this case because a dismissal would render it moot. *Limestone Dev. Corp. v. Village of Lemont*, 520 F.3d 797, 802; *Beck*, 559 F.3d at 682.

This Court should not force Defendant to engage in costly discovery that can and should be avoided through a dismissal order. Under these circumstances, ordering the parties to conduct discovery would serve only to drive up defense costs and promote an extortion-style settlement, which the Supreme Court and Seventh Circuit explicitly discourage. *Blue Chip Stamps*, 421 U.S. at 741; *Limestone Dev.*, 520 F.3d at 803.

3

The requested stay is also appropriate because the pending Motion to Dismiss raises a number threshold issues that are recognized justifications for postponing discovery until the Court deems plaintiff's cause of action to be a plausible one.  *Limestone Dev.*, 520 F.3d at 803-04; *DSM Desotech*, 2008 U.S. Dist. LEXIS at *5; (Doc. 19). In addition, the Motion to Dismiss – if granted – would be dispositive of all claims against Neves (Doc. 19). Neves should not be required to participate in discovery when they are challenging the very propriety of their involvement as a defendant under the deficient Amended Complaint.

The undue burden, expense, inefficiency, and annoyance of discovery substantially outweigh any purported benefit of engaging in such discovery while the Motion to Dismiss awaits resolution. Consistent with the controlling law, the requested stay of discovery is appropriate unless and until plaintiff can establish a plausible claim for relief.

## CONCLUSION

There is no just reason to require the parties to engage in discovery while Neves' motion to dismiss is pending, ample good cause exists to stay discovery. Consequently, this Court should grant this Defendant's Motion to Stay Discovery.

**WHEREFORE**, Defendant, NEVES GROUP PROPERTY MANAGEMENT, INC., prays that this Honorable Court enter an Order staying all discovery pending the resolution of the pending Motion to Dismiss, and for any and all other relief this Court deems fair, just and appropriate.

Respectfully Submitted:

BY:_____ /s/ *Quinn P. Donnelly*_____
            Quinn P. Donnelly

Matthew J. Egan (IL Bar No. 6182765)
Quinn P. Donnelly  (IL Bar No. 6319127)
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive, Suite
2500 Chicago, IL 60606
megan@pretzel-stouffer.com
qdonnelly@pretzelstouffer.com
 (312) 578-7432
*Attorneys for Neves Group Property Management, Inc.*

## CERTIFICATE OF SERVICE

The undersigned, one of the attorneys of record herein, hereby certifies that on **October 19, 2021** the foregoing **MOTION TO STAY DISCOVERY PENDING RULING ON MOTION TO DISMISS** was electronically filed with the Clerk of the U.S. District Court using the CM/ECF System, which will send notification of such filing to the following:

**Counsel for Plaintiff:**

Lei Jiang
Lei Jiang, LLC
26913 Westwood Road
Westlake, Ohio 44145
440-835-2271
ljiang@leijianglaw.com


By: ___/s/ *Quinn P. Donnelly*

Matthew J. Egan (IL Bar No. 6182765)
Quinn P. Donnelly (IL Bar No. 6319127)
PRETZEL & STOUFFER, CHARTERED
One S. Wacker Drive, Suite 2500
Chicago, IL 60606
megan@pretzel-stouffer.com
qdonnelly@pretzelstouffer.com
 (312) 578-7423 (phone)
 (312) 346-8242 (fax)
*Attorneys for Neves Group Property Management, Inc.*